[No. 14503. Department Two. May 8, 1918.]

Lizzie French, *Respondent*, v. Spokane & Inland Empire Railroad Company, *Appellant*.[1]

Carriers—Injury to Passengers—Negligence—Snow and Ice on Platform—Evidence—Question for Jury. The negligence of a street car company is a question for the jury, in an action by a passenger, injured in a fall on alighting from an icy platform, where there was evidence that snow and ice was allowed to accumulate on the platform, and there was some evidence that it had not been cleared off at the end of the run.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 5, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a street car. Affirmed.

*Graves, Kizer & Graves*, for appellant.

*Robertson & Miller* and *Mulligan & Bardsley*, for respondent.

[1] Reported in 172 Pac. 1159.

MOUNT, J.—Action for personal injuries. Plaintiff, in her complaint, alleged that, on February 1, 1916, she became a passenger on one of defendant's street cars in the city of Spokane, and that, when she left the car at her destination, she slipped and fell upon ice which had accumulated upon the platform of the car, thereby receiving serious injuries. Defendant, for answer to the complaint, admitted that the plaintiff was a passenger on one of its cars at the time alleged, and that she fell while leaving the car; but denied all other allegations of the complaint. Contributory negligence was pleaded as an affirmative defense. Upon these issues the case was tried to the court and a jury. At the close of the plaintiff's evidence, and again at the conclusion of all the evidence, defendant moved the court for a directed verdict. These motions were denied, and the jury returned a verdict in favor of the plaintiff for $600. Thereafter the defendant moved for judgment notwithstanding the verdict. This motion was denied. Judgment was entered upon the verdict. The defendant has appealed.

The only question made upon this appeal is whether the evidence is sufficient to sustain a recovery. The respondent testified that she left her home, in the south side residence district of Spokane, at about 7:30 o'clock, p. m. of February 1, 1916, to visit a friend on the north side of the city. She started to return home between 9:30 and 10 o'clock, taking a car on one of the appellant's lines to a junction point at Olive and Madelia streets in the northeastern part of the city. There she changed to a car of another of its lines. This car had come from the end of the line at Sprague and Freya streets, a distance of about twenty blocks from Olive and Madelia streets. The car continued on its run into the downtown business district, through that, and out into the south side residence district. It

reached the respondent's destination, Second and Sherman streets, at about 10:45 o'clock, p. m. The run from Olive and Madelia streets to that point had taken about forty-five minutes. The conductor's trip report showed that twenty-seven passengers got on the car between the end of the line and Second and Sherman streets, nearly all of them during the passage through the business district. When the respondent was attempting to leave the car, after she passed from the inclosed portion through the door and onto the rear platform of the car, she slipped and fell, receiving injuries for which the recovery was had.

It is not claimed that the appellant was in any other way negligent than that it permitted snow and ice to accumulate on the platform. Respondent testified that, when she boarded the car, she noticed snow and ice on the platform above the steps leading thereto from the ground. She testified that the snow and ice looked as if it had been tracked in by people coming in; that it was where traffic would come in and out of the steps into the door; that there was snow on the ground, but that it did not snow from the time she left home, about 7:30 o'clock, until after she returned that evening; that somewhere between 5 and 7 o'clock there had been some snow; and that there was about an inch of fresh snow on the ground. There was dispute in the evidence as to whether it snowed that day between the hours of 7 and 10:45 o'clock. The conductor who was on the car at the time of the accident testified that he cleaned the snow from the car at the end of his run. Counsel for appellant argues that there was no negligence shown on the part of the company, and that the evidence shows that the snow and ice which had accumulated upon the platform accumulated upon that particular trip. Appellant relies principally upon the case of *Caywood v. Seattle Electric Co.*, 59 Wash. 566;

110 Pac. 420. That was a case where the jury had found in favor of the defendant. In that case it was alleged that snow and ice existed on the steps of the car and in the entrance way at the time the appellant fell from the car. We said in that case:

"Nor was there any evidence tending to show that it (meaning the snow and ice) had existed there for any considerable length of time. On the contrary, the evidence that does touch the question is the other way. The appellant himself testified that when he boarded the car in the down town district he saw no snow or ice either on the steps of the car or in entrance way, and thinks there was none.. Such snow and ice as had accumulated in these places, therefore, must have accumulated during the passage of the car from the place where the appellant boarded it to the place where he fell therefrom, and as but a trace of snow fell during that trip, the ice and snow must have been brought in by the feet of the passengers who boarded the car between those points. But the fact that some snow and ice may have accumulated by this means is not evidence of negligence on the part of the company. It is not practicable to prevent such a condition when there is snow falling or there is snow upon the ground."

We think that case is distinguishable from this by reason of the fact that, when respondent boarded the car, she saw snow and ice had accumulated upon the platform. She also testified that snow had not fallen between the hours of 7:30 and 10:45, the time she was injured. The fact that snow and ice had formed upon the back platform of the car was, at least, some evidence of the fact that the snow was not cleared from the platform at the end of the trip, because ice will not ordinarily form from snow which is freshly tracked upon the car. Whether the company was negligent in permitting snow and ice to accumulate upon the platform of the car, under the evidence offered by the respondent, we think was a question for the jury. It is

no doubt true, as stated in *Caywood v. Seattle Electric Co., supra,* that some snow and ice may necessarily accumulate upon the steps of a street car when there is fresh snow upon the ground; and it is probably true that, in running a distance measured by forty-five minutes in time, the wheels of the car might throw some snow upon the steps; but in this case there was snow above the steps, on the platform, which was some distance above the wheels. It is improbable that the wheels of the car had anything to do with putting the snow there. The snow which was upon the platform was no doubt carried there by passengers entering the car. The ice was evidently the result of snow which had accumulated previously. It is quite unlikely that a dangerous quantity of snow would be carried there by the number of passengers who entered the car that evening between the time the respondent entered the car and the time she fell. Whether the snow and ice was so carried or whether it was permitted to remain after the end of the run, were questions which the jury were competent to decide; and if they found that the conductor did not properly clear the car of snow and ice at the end of the run, they were justified, we think, in finding that the company was negligent. We are satisfied that the case is not controlled by the *Caywood* case, and that there was sufficient evidence upon the question of appellant's negligence to go to the jury.

The judgment is therefore affirmed.

ELLIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.